Charles T. Major, J.
These claims were timely filed to recover damages by reason of the alleged negligence of the State of New York. They have not been assigned or submitted to any other court or tribunal for audit or determination. Counsel for all parties hereto stipulated that these claims be tried together and the evidence submitted shall be considered with reference to both claims. Letters of administration upon the estate of Ralph Pryor were duly issued to Frank N. Pryor, father of the decedent. Ralph Pryor at the time of his death was 23 years of age. Claimant, Howard Haws, was 25 years of age at the time of this accident.
On Sunday, August 11, 1957, between the hours of 1:00 a.m. and 5:00 a.m., Ralph Pryor and Howard Haws slept in Pryor’s 1955 Ford automobile which was parked on a street in the Village of Port Byron. At about 5:00 a.m. they started for the Village of Red Creek. Ralph Pryor was driving and Howard Haws was a passenger in the front seat. They proceeded westerly on Route No. 104 and reached Red Creek at about 6:00 a.m. At that time the weather was clear and the road surface was dry.
A short distance west of the village line of Red Creek, the highway curves to the left. As the claimants approached this curve, their car failed to negotiate the same and the automobile left the pavement, travelled some distance north on the shoulder which is on the outside of the curve, snapped a telephone pole anchor wire about 13 feet from the pavement, ran up and over *5 a pile of stones and came to rest in a second pile of stones off the highway. Both the driver and passenger received severe personal injuries. Ralph Pryor died as a result on August 26, 1957.
Before entering Red Creek, the Pryor automobile passed the following warning signs which were in place and visible: a diamond-shaped sign with yellow and black background, a black curved arrow indicating to the left, with a caption “ 30 M. P. H. ”; an overhead sign about 18 feet by 4 feet extending over the road on a red background with white lettering reading ‘1 curve-intersection— 30 M. P. H.” with two white arrows pointing to the left; also at the village line, a black and white sign reading, “ Village of Red Creek — 30 M. P. H.”
Route No. 104 in the vicinity of the accident is a two-lane macadam road divided by two solid white lines in the center. Just prior to the accident, the Pryor car left two black, parallel tire marks running east to west on the pavement for a distance of about 200 feet. These tire marks began on the pavement about at the village line and continued westerly until the car left the pavement.
From the evidence presented it clearly appears that the Pryor car was traveling at a high rate of speed in disregard of the posted signs. The highway in the immediate vicinity of the accident was in good condition, properly signed, marked and suitable for vehicular travel. The shoulder adjacent to the pavement was even and proper. The area abutting the shoulder was relatively flat also.
Even in this unfortunate accident, the burden of proof is upon the claimants. The court can find no negligence on the part of the State which was a proximate cause of this accident, or even contributed to it in any way.
The claimants, and each of them, have failed to establish any negligence on the part of the State of New York, its officers and employees which caused or contributed to the accident. In the light of that determination, it is not necessary to discuss the question of damages. The claims of the claimants, and each of them, must be and hereby are dismissed on the merits.